UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDWARD WILLIAMS,

    Petitioner,

v.                                                                           CASE NO. 5:20-cv-409-WFJ-PRL

WARDEN, FCC COLEMAN
USP I,

    Respondent.
_____/

## ORDER

Before the Court is Edward Williams' *pro se* petition for habeas corpus filed pursuant to 28 U.S.C. §2241 (Dkt. 1), the response (Dkt. 13), and the reply (Dkt. 14). Petitioner alleges the Bureau of Prisons ("BOP") incorrectly calculated his federal sentence. Dkt. 1 at 5. He claims the District Court for the Northern District of West Virginia failed to order the 24-month prison term it imposed in Case no. 1:09-R-077 to run concurrently with his sentence imposed by the D.C. District Court in Case no. CR97-64.

## BACKGROUND

Petitioner is a federal inmate housed at the Coleman Federal Correctional Complex within the Middle District of Florida. Dkt. 13-1 at 3 ¶ 3. He is serving an aggregated 576-month term of imprisonment as a result of three separate

sentences.  Dkt. 13-1 at 11.  In October 1997, the District Court for the District of Columbia (in Case no. CR97-64) imposed a sentence including a three-year term of supervised release, which began September 14, 2001.  Petitioner committed D.C. Code felony offenses on November 21, 2003, for which he was sentenced on April 15, 2005, by the D.C. Superior Court in Case no. F7449-03 to 528 months' imprisonment followed by a five-year term of supervised release.  Dkt. 13-1 at 14–15.  On May 2, 2005, the D.C. District Court revoked supervised release in Case no. CR97-64 based on the arrest in the D.C. Superior Court case and imposed 24 months in prison to run consecutively to any other sentence being served.  Dkt. 13-1 at 17.

While Petitioner was serving the two sentences, Petitioner committed the new offense of assault with a dangerous weapon with intent to do bodily harm, which was charged in Case no. 1:09-CR-077 in the Northern District of West Virginia.  On August 24, 2009, the West Virginia District Court sentenced Petitioner to 24 months of imprisonment to run consecutive to the D.C. Superior Court sentence.  Dkt. 13-1 at 20; Dkt. 14 at 19.[1]  The judgment was silent as to

---

[1] The imprisonment portion of the criminal judgment provides in full:
> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for total term of: 24 months consecutive to sentence imposed by the Superior Court of the District of Columbia in Case No. F7499-03.

Dkt. 14 at 19.

2

how it would run in relation to any other sentence. *Id*. Petitioner's projected release date is June 11, 2045. *Id*.

>Petitioner alleges:
>
>The Court's order directs the BOP to run the 24 months consecutive to my Superior Court of the District of Columbia sentence in Case No. F2449-03, but the BOP computed the 24 months consecutive to my supervised release revocation sentence of 24 months which I was committed to on 6/15/05.

Dkt. 1 at 5. He specifically requests the 24-month term of imprisonment in the West Virginia District Court to run concurrently with his D.C. District Court sentence of 24 months in prison in CR97-64. Dkt. 1 at 8. He suggests this would reduce his sentence by two years. *Id*.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A § 2241 petition may be used to challenge the execution of a sentence. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). The petitioner, however, must exhaust available administrative remedies before he may file the petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015).[2] Although not a jurisdictional prerequisite to suit, administrative exhaustion remains a requirement. *Id*. at 475. The petitioner must first comply with the agency's deadlines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–93 (2006) (addressing exhaustion under the Prison Litigation Reform Act).

---

[2] *See also Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562 (11th Cir. 2016).

3

The BOP has established an Administrative Remedy Program ("ARP"), codified at 28 C.F.R. §§ 542.10 *et seq.*, setting forth a three-level appeal process. Dkt. 13-1 at 26–27. Petitioner's BOP records reveal that Petitioner has not filed any administrative appeals regarding his sentence calculation. Dkt. 13-1 at 29–33.

Accordingly, the petition (Dkt. 1) is denied for failure to exhaust administrative remedies.[3] This case is dismissed without prejudice, and the Clerk is directed to close the case.

**DONE AND ORDERED** in Chambers, on March 23, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Counsel of record
Petitioner, *pro se*

---

[3] The Court notes that Respondent's position may be well-taken regarding 18 U.S.C. §3584 (a) and (c). Dkt. 13 at 5. The BOP calculated Petitioner's sentence in accordance with this statute. *See also United States v. Cordon*, 632 F. App'x 990, 992–93 (11th Cir. 2015) (holding that written judgment silent as to whether federal sentence runs consecutively or concurrently to his state sentence did not create conflict to establish clerical error, and BOP calculated sentences to run consecutively where written judgment was silent).